UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHIE BERMUDEZ,

Petitioner,

-against-

UNITED STATES OF AMERICA,

Respondent.

16cv5356 (LAP) (DF)
04cr685 (LAP)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE LORETTA A. PRESKA, U.S.D.J.:**

Before this Court for a report and recommendation is a motion filed by petitioner Richie Bermudez ("Petitioner") at a time when he was proceeding *pro se*,[1] for a writ of error *coram nobis*, pursuant to 28 U.S.C. § 1651(a). (*See* Dkt. 62 in Case No. 04cr685 (the "2004 Criminal Action"); Dkt. 1 in Case No. 16cv5356 (the "2016 Civil Action").) The Court has previously construed Petitioner's submission as a motion to vacate, set aside, or correct Petitioner's federal sentence pursuant to 28 U.S.C. § 2255 (*see* 2016 Civil Action, Dkt. 3), and this Court will therefore refer to the motion herein as a federal habeas petition ("Petition" or "Pet."). For the reasons set forth below, I respectfully recommend that his Petition be denied as untimely.

## BACKGROUND

### A. Petitioner's Convictions

On May 2, 2006, after a week-long jury trial in this District before the Honorable Gerard E. Lynch, U.S.D.J, Petitioner was convicted of one count of being a felon in possession

[1] On March 26, 2020, Bernard Alan Seidler, Esq. entered a notice of appearance on Petitioner's behalf, in both the criminal and civil cases in which Petitioner's motion was filed. (Dkt. 18). With respect to the matter currently before this Court, however, all of Petitioner's submissions were made *pro se*, and this Court will therefore afford them a liberal construction. (*See infra*, at n.4.)

of a firearm, in violation of 18 U.S.C. § 922(g)(1), and, on October 3, 2006, he was sentenced by Judge Lynch, on that conviction, to a term of 70 months of imprisonment, to be followed by three years of supervised release. (*See* 2004 Criminal Action, Dkt. 40.) Petitioner filed a direct appeal, and, on June 17, 2008, the Second Circuit affirmed Petitioner's conviction and sentence. (*See id*., Dkt. 48; *United States v. Bermudez*, 529 F.3d 158 (2d Cir. 2008).) Petitioner thereafter petitioned for a writ of *certiorari*, which was denied on January 12, 2009, *Bermudez v. United States*, 129 S. Ct. 956 (2009), rendering Petitioner's 2006 conviction final.

On April 24, 2009, Judge Lynch's Chambers received a letter from Petitioner entitled "Motion for New Trial under 28 U.S.C. § 2255 and Request for Appointment of Counsel." (*See* 2004 Criminal Action. Dkt. 50.)[2] Judge Lynch denied that motion on May 5, 2009, and specifically noted that Petitioner's letter contained no reference to 28 U.S.C. Section 2255, apart from the title of the letter. (*Id.*, Dkt. 49, at 1.) Judge Lynch also stated:

> [Petitioner]'s conviction became final for purposes of seeking post-conviction relief on January 12, 2009, when the Supreme Court denied his application for certiorari. He thus has one year from that date to make an application for relief under [Section] 2255 . . . .

(*Id.* (citation omitted).) Judge Lynch declined to consider Petitioner's letter as a Section 2255 motion, and stated that, unless Petitioner advised the Court otherwise, "the Court w[ould] treat any properly-supported application under [Section 2255] that is filed within one year of the denial of certiorari as a first petition." (*Id.*, at 2.)

After Petitioner's release from prison, but while he was still on supervised release, he was again arrested, and, on October 28, 2013, Petitioner pleaded guilty to two counts of participating

---

[2] Although the Docket reflects that this letter was received by the Chambers of Judge Lynch (*id.*), the letter itself does not appear on the Docket.

in a conspiracy to violate narcotics laws, in violation of 21 U.S.C. § 846. (Dkt. 56 in Case No. 13cr70 (the "2013 Criminal Action").) On that conviction, Petitioner was sentenced to 100 months of imprisonment. (*Id.* Dkt. 170.) Petitioner appealed that conviction, which the Second Circuit summarily affirmed on January 17, 2017. (*See id.* Dkt. 263.) Further, as Petitioner had committed the narcotics offenses while on supervised release, thereby violating the conditions of his release, Judge Lynch revoked Petitioner's supervised release and, on November 16, 2015, imposed an additional sentence of 24 months in connection with his earlier conviction, to run concurrently with the 100-month sentence imposed for the later conviction. (*See* 2004 Criminal Action, Dkt. 59.) Petitioner did not appeal that additional sentence.

**B. <u>The Instant Petition and Related Proceedings</u>**

Petitioner filed the instant Petition on June 23, 2016, seeking to set aside his 2006 conviction. (*See* 2016 Civil Action, Dkt. 1, at ECF 6.)[3] At the time he filed his Petition, Petitioner was incarcerated at F.C.I. Allenwood, in White Deer, New York (the address still reflected for him on the Docket of the 2016 Civil Action), although publicly available

---

[3] As the Petition (which consists of a Notice of Motion and a supporting Affirmation) does not contain page numbers, this Court will cite herein to the pages affixed to the document by the Court's Electronic Case filing ("ECF") system. The page cited above is the signature page of Petitioner's Affirmation, which bears the date of June 23, 2006. Under the so-called "prison mailbox rule," *see Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001), *cert. denied*, 534 U.S. 886, a *pro se* prisoner's habeas petition is deemed "filed" on the date he gives it to prison officials for delivery to the court, *see id.*; *Houston v. Lack*, 487 U.S. 266, 270 (1988). Where a petition does not attest to the date on which the petitioner placed his petition in the prison mailing system, courts will look to the date on which the petition is signed to determine the filing date. *See, e.g.*, *Costilo v. United States*, Nos. 13cv4298 (PGG) (JLC), 98cr0438 (PGG), 2012 WL 9500631, at *1 n.3 (S.D.N.Y. Nov. 12, 2012), *report and recommendation adopted by* 2016 WL 1610609 (Apr. 20, 2013); *Peralta v. Connelly*, No. 06cv5360 (DAB) (MHD), 2008 WL 8050791, at *4 n.6 (S.D.N.Y. Apr. 18, 2008), *report and recommendation adopted by* 2010 WL 3219326 (Aug. 11, 2010).

information indicates that he has since been transferred to RRM New York, *see* https://www.bop.gov/inmateloc/, a Residential Reentry Management field office, in Brooklyn, New York, *see* https://www.bop.gov/locations/ccm/cnk/.

Although the substance of the claims alleged by Petitioner is vague, liberally construed[4] they appear to assert that, at Petitioner's trial in 2004: (1) certain New York Police Department ("NYPD") officer witnesses lied in their testimony; (2) the prosecutor committed misconduct, both in calling certain NYPD officer witnesses and in making allegedly inappropriate statements in his opening and closing arguments; (3) new evidence may exist to exonerate Petitioner; and (4) Petitioner's trial counsel was ineffective in failing to obtain certain documents. Petitioner also asserts that his claims, "if proven, provide[] a basis to forgive an untimely petition." (Pet., at 1.)

Respondent did not timely respond to the Petition. (*See generally* Dkt. in 2004 Criminal Action, 2016 Civil Action.) On October 21, 2016, however, in response a motion that Petitioner filed, seeking a "default judgment" on his Petition (2016 Civil Action, Dkt. 6), Respondent requested an extension of time to respond (*id.*, Dkt. 7). Respondent additionally requested that the Court find (a) that Petitioner had waived the attorney-client privilege that applied to his communications with his trial attorney, or, in the alternative, that the Court require Petitioner to execute a privilege waiver before considering his claims, and (b) order Petitioner's trial counsel to submit an affidavit addressing the factual assertions underlying Petitioner's ineffective-assistance-of-counsel claims. (*Id.*) By Order dated November 1, 2016 (*id.*, Dkt. 9), this Court

---

[4] *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." (internal quotation marks and citations omitted; emphasis in original) (collecting cases)); *see also supra*, at n.1.

directed Petitioner to notify the Court by November 15, 2016 as to whether he wished to proceed with his ineffective-assistance claims, and cautioned him that, if he did wish to proceed with those claims, then the choice would result in a privilege waiver. This Court also indicated that it would grant Respondent more time to respond to the Petition. (*See id.*) On November 15, 2016, Petitioner filed an objection to this Court's Order to the extent it granted Respondent additional time to respond to the Petition. (*Id.*, Dkt. 10.) Petitioner did not address the issue of his ineffective-assistance claims. (*Id.*)

On December 2, 2016, this Court issued a Report and Recommendation to the Honorable Loretta A. Preska, U.S.D.J., before whom this matter is now pending, recommending that Petitioner's motion for a default judgment be denied. (*Id.*, Dkt. 11.) Petitioner objected to that recommendation, arguing that this Court lacked subject-matter jurisdiction to grant an extension of time to Respondent. By Order dated May 16, 2017, Judge Preska adopted this Court's Report and Recommendation, and again directed Petitioner to inform the Court (within 14 days) whether he "wish[ed] to proceed with any claims raised in the motion to vacate that allege[d] that his trial counsel . . . provided ineffective assistance of counsel, thereby waiving his attorney-client privilege." (*Id.*, Dkt. 13, at 4.)

Although the Court once again did not receive a timely submission from Petitioner regarding his ineffective-assistance-of-counsel claims, Petitioner did submit, on May 23, 2017, a document entitled "Answer," attaching a letter to Judge Preska and a number of exhibits. (*Id.*, Dkt. 14.) In that submission, Petitioner indicated that, although he had submitted objections to this Court's Report and Recommendation that his motion for default judgment be denied, he "ha[d] not had any return from the United States nor the Court," suggesting that he had not received Judge Preska's Order adopting that report and recommendation. (*Id.*, at 1.) Petitioner's

Answer also attached additional information regarding the alleged conduct of police officers described in his Petition. (*See generally id.*) On June 16, 2017, this Court sent Petitioner another copy of Judge Preska's Order, extended Petitioner's time to notify the Court if he wished to pursue his ineffective-assistance claims to June 30, 2017, and again extended Respondent's time to submit a response to the Petition. (*Id.*, Dkt. 15.) Petitioner never submitted a response to that Order. (*See generally id.*) On March 20, 2018, Petitioner submitted a letter to the Court in which he detailed his purported efforts to rehabilitate himself. (*Id.*, Dkt. 16.)

On October 23, 2018, Respondent filed an opposition to the Petition. (*Id.*, Dkt. 17.) In its opposition, Respondent argues (1) that the Petition was not timely filed, and (2) that Petitioner should be deemed to have abandoned any ineffective-assistance claims and that he is procedurally barred from raising his remaining claims, which he either could have raised on his direct appeal, but did not, or which were already rejected by the Second Circuit. (*Id.*, at 3-5.) Petitioner has filed no reply to Respondent's opposition. (*See generally id.*)

## DISCUSSION

The Court need not address the merits of Petitioner's claims or determine if those claims have been abandoned or are procedurally barred by either a failure to raise them on direct appeal or a prior decision by the Court of Appeals. As the Petition is plainly untimely, and as Petitioner has shown no basis on which the statute of limitations may be tolled in this case, the Petition should be dismissed as time-barred.

## I. APPLICABLE LEGAL STANDARDS

A petition for a writ of habeas corpus pursuant to Section 2255 is governed by a one-year statute of limitation. 28 U.S.C. § 2255(f). That one-year period runs from the latest of "the date on which the judgment of conviction becomes final," *id.* § 2255(f)(1), or, *inter alia*, "the date on

which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence," *id.* § 2255(f)(4). As relevant to Petitioner's claims here, a conviction becomes final on the date the Supreme Court denies a petition for a writ of *certiorari*. *Clay v. United States*, 537 U.S. 522, 527 (2003). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Rivera v. United States*, 448 F. App'x 145, 146 (2d Cir. 2011) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)); *Holland v. Florida*, 560 U.S. 631 (2010).

## II. <u>THE PETITION SHOULD BE DISMISSED.</u>

The Petition in this case was unquestionably filed outside the applicable limitations period. Petitioner challenges only his 2006 conviction, and does not purport to raise any legal error regarding his 2013 guilty plea or his 2013 or 2015 sentences. (*See generally* Pet.) Petitioner's 2004 conviction became final on January 12, 2009, meaning that his time to file the Petition expired on January 12, 2010. *Clay*, 537 U.S. at 527. He did not file the instant Petition until June 23, 2016, more than six years past the filing deadline. (*See* Pet.) Further, nothing in Petitioner's papers suggest that Petitioner's untimeliness was the result of extraordinary circumstances, or that he was diligent in pursuing his Petition prior to the expiration of the statute of limitations, such that equitable tolling would be warranted.

First, Petitioner has not even hinted at any circumstances that this Court could consider "extraordinary." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (noting that the Second Circuit has "established only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary . . . and where prison officials intentionally obstruct a petitioner's ability to file his

petition by confiscating his legal papers"); *Martinez v. United States*, No. 05cr773 NRB, 2010 WL 4840085, at *2 (S.D.N.Y. Nov. 12, 2010) (quoting *Menefee*). Petitioner argues that his untimeliness should be excused by head injuries that "somewhat impaired his learning abilities, retention, [] judgment[,] and comprehensive [sic] abilities" (Pet. ¶ 10), and by "substance abuse" that, he claims, led to a number of mental impairments, including, *inter alia*, mental, emotional, and behavioral instability; post-traumatic stress disorder; major depressive disorder; and borderline personality disorder (*see id.* ¶ 12). Petitioner, however, has provided no information as to when he suffered any head injuries, nor any evidence demonstrating that his various claimed impairments rendered him incapable of filing his Petition within the limitations period.

Second, Petitioner has given this Court no reason to believe that he exercised the requisite diligence. (*See generally* Pet.) In this regard, the record shows that Petitioner was, in fact, capable of filing papers within the limitations period, as, during that time, he apparently made another submission in this case, which he even titled a Section 2255 motion. (*See* Background, *supra*, at Section A.) Especially under these circumstances, the Court cannot find that Petitioner's physical or mental condition was sufficient to excuse his lack of diligence. *See Rivera*, 448 F. App'x 145, 146-47 (equitable tolling is inappropriate even if extraordinary circumstances exist, "if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances"); *Gonzales-Ramos*, 2007 WL 1288634, at *7 (in evaluating whether a petitioner exercised due diligence, "courts should not consider such subjective factors as the petitioner's intelligence, education . . . or mental stability").

Third, Petitioner's suggestion that his *pro se* status justifies his untimely filing (*see* Pet. ¶ 10 (stating that he was "not legally qualified in the practice of law" and "lack[ed] sufficient knowledge, skill and[/]or ability")) is insufficient, *see Martinez*, 2010 WL 4840085,

at *2 ("Courts have repeatedly held that a petitioner's lack of education and ignorance of the law do not constitute 'extraordinary circumstances.'"); *Tamayo v. United States*, No. 05cv9001 (SAS), 2008 WL 417674, at *4 (S.D.N.Y. Feb. 13, 2008); *Gonzalez-Ramos v. United States*, No. 05cv3974 (LAP), 2007 WL 1288634, at *10 (S.D.N.Y. May 2, 2007) (collecting cases). In any event, on May 5, 2009, Judge Lynch explicitly informed Petitioner that (1) his conviction had become final on January 12, 2009; and that (2) Petitioner had one year from that date to file a petition under Section 2255. (2004 Criminal Action, Dkt. 50.) Petitioner therefore cannot reasonably contend that he was ignorant as to the time limit he faced for filing his Petition. *See Martinez*, 2010 WL 4840085, at *2 ("petitioner's claim of ignorance of the law rings hollow in light of the fact that petitioner made a similar [] motion . . . which this Court denied").

Fourth, to the extent Petitioner would argue that his claim first accrued when he discovered new facts or evidence (*see* Pet. ¶ 4 (asserting that "[n]ewly discovered evidence consisting of news[]paper clippings were presented to [P]etitioner by trial counsel" . . .); *see also id*. ¶ 2 (suggesting that there is "possible evidence . . . necessary to allow him relief"); 28 U.S.C. § 2255(f)(4)), Petitioner claims that he learned of this purported new evidence "shortly after [his] release from prison" (Pet. ¶ 4), suggesting that he became aware of it sometime before his re-arrest in 2013. In other words, even assuming that Petitioner exercised the necessary diligence to discover this "new evidence," his habeas claims had accrued, even by the most generous of assumptions, by October 28, 2013, the date when he pleaded guilty to the new charges against him. (*See* Background, *supra*, at Section A.) Yet he did not file his Petition until June 2016 (*see supra*, at n.2), more than two years after that date. Thus, even if Petitioner's

claim accrued sometime after his conviction became final, his claim would still be untimely.[5] 28 U.S.C. § 2255(f)(4).

Finally, the Court need not reach the question of whether Petitioner is entitled to equitable tolling on the grounds of "actual innocence," as his vague and merely conclusory assertions of innocence do not suggest "a credible claim of actual innocence." *Menefee*, 391 F.3d at 161.

In sum, having reviewed Petitioner's submissions liberally in his favor, this Court concludes that Petitioner's Section 2255 claims are untimely, and that he has not met the standards necessary to demonstrate entitlement to equitable tolling of the governing statute of limitations.

## CONCLUSION

For all of the foregoing reasons, I respectfully recommend that Petitioner's Section 2255 Petition (Dkt. 62 in Case No. 04cr685, and Dkt. 1 in Case No. 16cv5356) be dismissed. Further, I recommend that the Court decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A) because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, should be directed to Judge Preska, and must filed on the Court's ECF system. Any requests for an

[5] Although Section 2255 provides other alternative dates for accrual, including, for example, the date of an intervening change in Supreme Court law that applies retroactively, *see generally* 28 U.S.C. § 2255(f)(2), (3), those circumstances are not alleged in, or implicated by, the Petition. (*See generally* Pet.)

extension of time for filing objections must be directed to Judge Preska. UNLESS THE TIME PERIOD FOR OBJECTIONS IS EXTENDED BY COURT ORDER, A FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. (*See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Hermann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd*., 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-238 (2d Cir. 1983).)

Dated: New York, New York
March 27, 2020

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Counsel of record (via ECF)