UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHIE BERMUDEZ,<br><br>      Plaintiff,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | 16-CV-5356 (LAP)(DF)<br><br>04-CR-685 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, SENIOR UNITED STATES DISTRICT JUDGE:

  Before the Court is Petitioner Richie Bermudez's June 23, 2016, motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Dkt. no. 1 in 16-CV-5356; dkt. no 62 in 04-CR-685.)  Magistrate Judge Debra Freeman has issued a Report and Recommendation ("R&R") recommending that the motion be denied.  (Dkt. no. 20 in 16-CV-5356; dkt. no 75 in 04-CR-685.)  For the reasons set forth below, the R&R is adopted in its entirety, and Mr. Bermudez's motion is DENIED.

**I. Background**

  The Court assumes the parties' familiarity with the facts of the case--especially following Judge Freeman's R&R--and it will summarize only the facts relevant to the instant motion here.  On May 2, 2006, a jury convicted Petitioner of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Dkt. no. 40 in 04-CR-685 at 1.)  On October 3, 2006, the Court sentenced Mr. Bermudez to a term of

1

70 months' imprisonment to be followed by three years of supervised release.  (Id. at 2-3.)  On June 17, 2008, the Court of Appeals affirmed Petitioner's conviction and sentence.  See United States v. Bermudez, 529 F.3d 158, 165 (2d Cir. 2008).  Petitioner thereafter petitioned for a writ of certiorari, which the Supreme Court denied on January 12, 2009, rendering his 2006 conviction final.  See Bermudez v. United States, 129 S. Ct. 956 (2009).

On April 24, 2009, the Court received a letter from Petitioner entitled "Motion for New Trial under 28 U.S.C. § 2255 and Request for Appointment of Counsel."  (See Dkt. no. 50 in 04-CR-685).  The Court observed that, although the letter referenced § 2255 in its title, Mr. Bermudez "ma[de] no further reference to that statute, and ma[de] no attempt to satisfy the legal standard for such relief."  (Dkt. no. 49 in 04-CR-685 at 1.)  Based on that, the Court elected to construe the letter as a motion for a new trial under Federal Rule of Criminal Procedure 33, and the Court denied the motion on May 5, 2009.  (Id. at 2.)  The Court did remind Petitioner, however, of § 2255's one-year limitations period.  (Id. at 1.)

Petitioner filed the instant petition, at the earliest, by June 23, 2016, seeking to set aside his 2006 conviction.  (Dkt. no. 1 in 16-CV-5356).  The Government opposed the petition.  (Dkt. no. 17 in 16-CV-5356.)  On October 24, 2016, the Court

2

referred the petition to Magistrate Judge Freeman.  (Dkt. no. 8 in 16-CV-5356.)  On March 27, 2020, Judge Freeman filed an R&R, in which she recommended denying Petitioner's motion. (Dkt. no. 20 in 16-CV-5356.)  Mr. Bermudez filed his objections on September 11, 2020.  (Dkt. no. 24 in 16-CV-5356 ("Objections").)

**II. Legal Standard**

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'"  Ricciardi v. Colvin, No. 15-CV-2715 (ADS) (AYS), 2017 WL 4011243, at *1 (E.D.N.Y. Sept. 12, 2017) (quoting 28 U.S.C. § 636(b)(1)).  Parties may then raise objections to the magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition," unless the time period for objections is extended by court order.  Id. (quoting FED. R. CIV. P. 72(b)(2) and citing 28 U.S.C. § 636(b)(1)).

"[T]he court must then review de novo any part of the R&R that has been objected to."  Smith v. Hulihan, No. 11-CV-2948 (HB), 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)-(3)).  "As to those portions that neither party objects to, the court may review for clear error."  Id. (citing Gomez v. Brown, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009)).

**III. Discussion**

Pursuant to the R&R, the Court finds the Petitioner's motion is untimely. Section 2255 is governed by a one-year statute of limitations, which "run[s] from the latest of," inter alia, "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Mr. Bermudez does not raise any legal error regarding his 2013 guilty plea or his 2013 or 2015 sentences. Petitioner challenges only his 2006 conviction, which became final on January 12, 2009, meaning that his time to file the motion expired on January 12, 2010. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that convictions become final on the date the Supreme Court denies a petition for a writ of certiorari). However, Mr. Bermudez did not file the instant petition until June 23, 2016, more than six years after the deadline.

Petitioner formally objected on September 10, 2020, to the R&R, claiming equitable tolling is appropriate due to Mr. Bermudez's diminished mental capacity. (Objections at 2). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll."

4

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (quotation marks omitted).  The Court of Appeals has found only a limited number of circumstances that could merit equitable tolling, "such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary and where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers."  Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004) (citation omitted).  Mr. Bermudez, however, has provided no evidence to suggest that his various claimed impairments rendered him incapable of filing within the limitations period.  Therefore, pursuant to the R&R, this Court cannot find that Petitioner's alleged physical or mental condition was sufficient for equitable tolling.  See Gonzales-Ramos v. United States, Nos. 05 Civ. 3974 & 99 Cr. 1112 (LAP), 2007 WL 1288634, at *7 (S.D.N.Y. 2007) (Preska, J.) (observing that, when evaluating whether a petitioner exercised due diligence, "courts should not consider such subjective factors as the petitioner's intelligence, education, language skills, or mental stability").

Petitioner also suggests that his originally proceeding pro se may entitle him to equitable tolling. (Objections at 2.)  "[P]ro se status," however, "does not in itself constitute an extraordinary circumstance meriting tolling."  Doe, 391 F.3d at 175.  Accordingly, the Court rejects this argument.

5

Finally, the Petition suggests that Mr. Bermudez is actually innocent of his crimes of conviction.  (Objections at 3.)  "[A] credible and compelling showing of actual innocence . . . warrants an equitable exception to AEDPA's limitation period."  Rivas v. Fischer, 687 F.3d 514, 518 (2d Cir. 2012).  To meet that standard, a petition must offer "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  Schlup v. Delo, 513 U.S. 298, 324 (1995).  Mr. Bermudez's "evidence"--which consists only of vague and conclusory statements that he is innocent--simply does not fit the bill.  Accordingly, equitable tolling is not warranted on actual innocence grounds.

In sum, Magistrate Judge Freeman properly concluded that Mr. Bermudez's petition is untimely.  The Court has considered the remaining objections to the R&R, but none can cure that glaring timeliness malady.  Consequently, Mr. Bermudez's § 2255 petition must be denied.

**III. Conclusion**

For the foregoing reasons, the Court adopts the R&R in its entirety, and Mr. Bermudez's § 2255 motion [dkt. no. 1 in 16-CV-5356; dkt. no 62 in 04-CR-685] is DENIED.  Finding that Mr. Bermudez's has not made a substantial showing of a denial of a constitutional right, no certificate of appealability will be

6

granted.  See 28 U.S.C. § 2253(c).  The Court certifies that any appeal from this Order would not be taken in good faith.  See id. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The Clerk of the Court is directed to (1) mark this action closed and all pending motions denied as moot and (2) mail a copy of this order to Mr. Bermudez.

SO ORDERED.

Dated:    December 11, 2020
          New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Senior U.S. District Judge